FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 1 2 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBY L. WILLIS, CARRIE S. WILLIS,
GOLDEN RULE, LLC, WILLIS ASSET MANAGEMENT, LLC,
and the BOBBY L. WILLIS AND CARRIE S. WILLIS TRUST DATED JUNE 15, 2005,

        Plaintiffs,

v.

16cv813 KK-LF

DARRYL W. MILLET, ALBUQUERQUE
ADVOCATES, P.C., FINANCIAL INSTITUTIONS
DIVISION, NEW MEXICO OFFICE OF
SUPERINTENDENT OF INSURANCE,
NEW MEXICO REGULATION AND LICENSING
DEPARTMENT, CYNTHIA HALL, JOHN G. FRANCHINI,
CYNTHIA RICHARDS, PHYLLIS H. BOWMAN,
MICHAEL SMITH, GUARDIAN ABSTRACT AND TITLE COMPANY,

        Defendants.

---

**COMPLAINT**

---

Bobby L. Willis, Carrie S. Willis, Golden Rule, LLC d/b/a New Mexico Title Escrow, Willis Asset Management, LLC, and the Bobby L. Willis and Carrie S. Willis Trust dated June 15, 2005 (the "Trust") (the Plaintiffs will be referred to herein as the "Willis Plaintiffs") state:

**JURISDICTION AND PARTIES**

1.    This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), and 42 U.S.C. § 1983.

2.    The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. One state law claim arises pursuant to the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-1, et. seq. Timely notice was given pursuant to NMSA 1978 § 41-4-16A by Plaintiffs.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) because relevant acts occurred in the District of New Mexico.

## PARTIES AND VICARIOUS LIABILITY

5. Defendant Darryl W. Millet ("Millet") is a citizen of the State of New Mexico and is the owner and operator of Defendant Albuquerque Advocates, P.C.

6. Defendant Albuquerque Advocates, P.C. ("Advocates") transacts business in the State of New Mexico.

7. Defendant Financial Institutions Division ("FID") is a governmental entity.

8. Defendant New Mexico Office of Superintendent of Insurance ("OSI") is a governmental entity.

9. Defendant New Mexico Regulation and Licensing Department ("RLD") is a governmental entity.

10. Defendant Cynthia Richards ("Richards") is an employee of FID and therefore properly named as a defendant for the negligence claims and 14 U.S.C. §1983 for deliberate indifference and reckless disregard for Plaintiffs' rights and not entitled to immunity under the Federal Tort Claims Act or the New Mexico Tort Claims Act.

11. Defendant John G. Franchini ("Franchini") is an employee of OSI and therefore properly named as a defendant for the negligence claims and 14 U.S.C. §1983 for deliberate indifference

and reckless disregard for Plaintiffs' rights and not entitled to immunity under the Federal Tort Claims Act or the New Mexico Tort Claims Act.

12. Defendant Cynthia B. Hall ("Hall") was an employee of OSI and therefore properly named as a defendant for the negligence claims and 14 U.S.C §1983 for deliberate indifference and reckless disregard for Plaintiffs' rights and not entitled to immunity under the Federal Tort Claims Act or the New Mexico Tort Claims Act.

13. Defendant Phyllis H. Bowman ("Bowman") was an employee of RLD and therefore properly named as a defendant for the negligence claims and 14 U.S.C. §1983 for deliberate indifference and reckless disregard for Plaintiffs' rights and not entitled to immunity under the Federal Tort Claims Act or the New Mexico Tort Claims Act.

14. Defendant Michael Smith ("Smith") is a resident of San Juan County, New Mexico and the owner of Guardian Abstract and Title Company in Farmington, New Mexico.

15. Defendant Guardian Abstract and Title Company ("Guardian") transacts business in the State of New Mexico.

16. At all times pertinent, Defendant Millet was acting within the course and scope of his employment with Defendant Advocates, which is vicariously liable for the acts and omissions of Defendant Millet.

17. At all times pertinent, Defendant Richards was acting within the course and scope of her employment with Defendant FID, which is vicariously liable for the acts and omissions of Defendant Richards.

18. At all times pertinent, Defendant Franchini was acting within the course and scope of his employment with Defendant OSI, which is vicariously liable for the acts and omissions of Defendant Franchini.

19. At all times pertinent, Defendant Hall was acting within the course and scope of her employment with Defendant OSI, which is vicariously liable for the acts and omissions of Defendant Hall.

20. At all times pertinent, Defendant Bowman was acting within the course and scope of her employment with Defendant RLD, which is vicariously liable for the acts and omissions of Defendant Bowman.

21. At all times pertinent, Defendants were acting under the color of state law.

## BACKGROUND

22. On February 3, 2012, Defendant FID commenced *Financial Institutions Division vs. New Mexico Title Co.*, Case Number D-101-CV-2012-00378 (the "FID Lawsuit" by the filing of an Application for Temporary Restraining Order which TRO was entered on the same day.

23. On February 21, 2012, the TRO was extended.

24. On February 24, 2012, the TRO was again extended.

25. Contrary to Section 58-22-27(B) and Rule 1-066 a Permanent Injunction Hearing was never conducted in the FID Lawsuit.

26. On April 25, 2012, Millet accepted appointment as Receiver in the FID Lawsuit.

27. In July 2012, Defendants Advocates and Millet entered into Professional Services Contract # 15202 (the "Contract") in the amount of $458,333.00 with the Regulation and

Licensing Department, Financial Institutions Division for the State of New Mexico. Pursuant to Section 1.A. of the Contract, Advocates, agreed to provide "Receivership/legal services" to the State of New Mexico.

28. On June 21, 2013, FID filed a Joint Motion to Terminate Receivership, and in its Motion FID represented to the Court among other things the following pertinent facts:

> 4. Ownership of the title company is clouded. The following individuals have been identified as having, or having had ownership interests in the title company: Respondent Bobby Willis, Respondent Chad Cox, and Proposed Intervenor Michael Atchison.
>
> 12. Upon information and belief, the Receiver has satisfied all "strictly escrow" tasks and has therefore satisfied all of the tasks for which Petitioner sought Receivership as identified in paragraph c of the Application for Appointment of Receiver....".

29. Millet cooperated with and, upon information and belief, encouraged a different Department of the State of New Mexico to file a Motion to reappoint him as Receiver in the FID Lawsuit.

30. On February 10, 2014, the OSI filed a Motion to Intervene and for Appointment of a Receiver ("the OSI Motion to Intervene"), requesting that the Receivership be kept alive and requesting that the same Receiver, Millet be appointed again.

31. Millet supplied an Affidavit to OSI in support of OSIs Motion.

32. Based on Millet's Affidavit, OSI sought to join the Bobby L. Willis and Carrie S. Willis Trust ("Trust") so that assets of the Trust could be seized and sold by Millet.

33. Millet knew or should have known that some of his statements were false and that OSI would rely on his statements:

    a.    As of the filing of the February 10, 2014 Motion, New Mexico Title Company had been closed for over two years and Millet controlled the assets.

    b.    Millet knew, based on his own Affidavit that the real estate that Millet and OSI sought to seize were conveyed to the Trust years before the OSI Motion and Millet's Affidavit and that the transfers were legitimate and totally unrelated transactions.

    c.    Millet knew or should have known that the Affidavit was false because paragraph 6 of the Affidavit states that the real estate described in the Affidavit "constitute the bulk of assets related to the New Mexico Title Escrow receivership....". Based on Millet's own investigation of title to the described real estate he knew or should have known that real estate transferred years before to the Trust could not be summarily seized for the purpose of generating money to pay Millet's fees in whole or in part.

34.    Had RLD, FID, or OSI conducted a proper investigation, it would have revealed the fact that the Willis Defendants did not own JJ Bond Investments, Inc. ("JJ Bond") d/b/a New Mexico Title Company and that, therefore, OSI had no right to pursue seizure of Willis assets. Chad Cox owned JJ Bond d/b/a New Mexico Title Company in paragraph 16 of its February 10, 2014 Motion.

35.    RLD, FID, OSI, and Millet failed to investigate claims and allegations made by the Plaintiffs, who were themselves consumers and victims of criminal or other activities, prior to the FID Lawsuit being filed to current date and thus have been denied equal protection under the law.

36. Plaintiffs property has been improperly encumbered by the filing of the FID Lawsuit and Receiverships in which the Plaintiffs have been deprived of Property without due process of the law and the Plaintiffs have been unable to obtain Title Insurance on any of their properties. When given an opportunity to correct this, FID, OSI, and Millet failed and refused to correct the improper seizure and encumbrances of the property.

37. The February 10, 2014 Motion itself contained the following false statements:

   a. That "these two properties...are the bulk of assets related to the NMTE Receivership and could be sold to satisfy the majority of the outstanding escrow or title claims against the NMTE entities." (Para 5);

   b. That the two properties were worth $1,100,000.00 based on the Receiver's Affidavit. (Para. 5);

   c. That Plaintiffs admit the two properties, if properly maintained, are worth at least $1,100,000.00;

   d. That NMTE never owned 132 Wall Street in Farmington and there has never been a hearing to establish this claim;

   e. That criminal charges against Bobby Willis caused prejudice against the Willis Defendants.

38. On February 18, 2014, the underlying court granted the Motion To Intervene, Request For Joinder Of Indispensable Party, and Application For Appointment Of Receiver.

39. The February 18, 2014 Order contains the false representation that is was "Approved By" the Willis Defendants and Carrie Willis, pro se."

40. On February 19, 2014 and again on February 28, 2014, Plaintiffs objected to the February 10, 2014 motion for the sale of Plaintiff's assets.

41. On March 31, 2014 Millet filed a Motion for Approval of Sale of Real Estate without giving Plaintiffs proper notice of the motion.

42. On April 8, 2014, the underlying court granted the March 31, 2014 motion.

43. Defendants failed to give Plaintiffs notice of the April 8, 2014 order.

44. Millet's statements regarding the Respondents' failure to file an objection was false in two respects as follows:

    a. Millet knew the Willis Defendants were objecting to sale of their assets based on the pro se pleadings filed on February 19, 2014 and February 28, 2014; and

    b. Millet knew he failed to give proper notice of the motion to the Plaintiffs.

45. On July 31, 2014, the underlying court entered an Order Approving Sale of Personal Property, without giving Plaintiffs an opportunity to again object to the sale.

46. Upon information Smith and Guardian conspired and had inside knowledge that the value of the Title Plant and other assets was worth well in excess of the $31,000.00 that they paid to purchase same.

47. Millet also drops Bobby Willis and the other Willis Defendants completely off orders and Receiver Reports – see April 2015 Receiver Report and April 8, 2014 Order.

48. Millet has wasted assets in the following additional manners:

    a. Selling assets, including the title plant, for materially and substantially less that its true value;

b.   Not turning off the water at and failing to heat during the freezing winter months the building located at 650 West Main, Farmington, NM, causing the in-floor plumbing to burst therefore diminishing the value;

c.   The loss of real estate and assets located in Marshall, Michigan, in which the Plaintiffs purchased on August 2010 for $990,000.00, which the Receiver wasted $349,716.11 of victim's money on the properties, and which OSI and Millet have allowed to be sold at tax auction for back taxes; and

d.   Failing to pursue insurance claims.

49.   Plaintiffs had damages, including by way of illustration and without limitation, loss of assets, loss of working capital, loss of good will, loss of profits, loss of business opportunities, and severe emotional distress.

## FIRST CLAIM FOR RELIEF
(Violation of Due Process Rights)

50.   Plaintiffs incorporate by reference the foregoing allegations.

51.   Defendants violated Plaintiffs' substantive and procedural due process rights under the Fifth Amendment, the Fourteenth Amendment, and Article II of the New Mexico Constitution.

52.   Defendants' violations were a cause of Plaintiffs' damages.

## SECOND CLAIM FOR RELIEF
(Breach of Fiduciary Duty)

53.   Plaintiffs incorporate by reference the foregoing allegations.

54.   Defendants Albuquerque Advocates, P.C. and Millet were acting as Plaintiff's fiduciaries with respect to the within receivership.

55. Defendants Albuquerque Advocates, P.C. and Millet, in part by selling receivership assets for materially and substantially less than their true value.

56. Defendants' breaches were a cause of Plaintiffs' damages.

### THIRD CLAIM FOR RELEIF
(Violation of Civil Rights)

57. Plaintiffs incorporate by reference the foregoing allegations.

58. Two or more Defendants conspired to deprive Plaintiffs of their civil rights.

59. Defendants carried out specific acts pursuant to the conspiracy.

60. Such acts were a cause of Plaintiff's damages.

### FOURTH CLAIM FOR RELEIF
(Malpractice)

61. Plaintiffs incorporate by reference the foregoing allegations.

62. A reasonably careful attorney, having and using that degree of knowledge and skill of attorneys practicing law in the State of New Mexico, would have not committed the acts or omission detailed above.

63. Defendants were negligent, having failed to meet the standards of care set forth above.

64. Defendants negligence was a cause of Plaintiffs damages.

TRIAL BY JURY IS HEREBY REQUESTED.

FOR THESE REASONS, Plaintiffs request this Court to enter judgement in favor of Plaintiffs and against Defendants for actual damages in an amount to be determined at trial and to award interest, costs, and attorney fees allowed by law.

Respectfully Submitted,

By: _____

Carrie S. Willis, Pro Se,
Individually and as Trustee of the
Bobby L. Willis and Carrie S. Willis Trust
Dated June 15, 2005,
Golden Rule, LLC, and
Willis Asset Management, LLC
P.O. Box 377
Kirtland, NM 87417
479-200-5497
carriesue89@live.com

By: _____

Bobby L. Willis, Pro Se,
Individually and as Trustee of the
Bobby L. Willis and Carrie S. Willis Trust
Dated June 15, 2005,
Golden Rule, LLC, and
Willis Asset Management, LLC
P.O. Box 3223
Kirtland, NM 87417

## VERIFICATION

I, Carrie S. Willis, affirm under penalty of perjury under the laws of the State of New Mexico, and pursuant to Rule 1-011(B) NMRA, that the above statements are true and correct.

_____
Carrie S. Willis

Executed this 12th day of July, 2016.

## VERIFICATION

I, Bobby L. Willis, affirm under penalty of perjury under the laws of the State of New Mexico, and pursuant to Rule 1-011(B) NMRA, that the above statements are true and correct.

_____
Bobby L. Willis

Executed this 12th day of July, 2016.