IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOBBY L. WILLIS, CARRIE S. WILLIS,
GOLDEN RULE, LLC, WILLIS ASSET
MANAGEMENT, LLC, and the BOBBY L.
WILLIS AND CARRIE S. WILLIS TRUST
DATED JUNE 15, 2005,

      Plaintiffs,

v.                                                                           1:16-cv-00813-MV-LF

DARRYL W. MILLET, ALBUQUERQUE
ADVOCATES, P.C., FINANCIAL
INSTITUTIONS DIVISION, NEW MEXICO
OFFICE OF SUPERINTENDENT OF
INSURANCE, NEW MEXICO REGULATION
AND LICENSING DEPARTMENT, CYNTHIA
HALL, JOHN G. FRANCHINI, CYNTHIA
RICHARDS, PHYLLIS H. BOWMAN, MICHAEL
SMITH, GUARDIAN ABSTRACT AND TITLE
COMPANY,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON
<u>DARRYL MILLET AND ALBUQUERQUE ADVOCATES, P.C.'S MOTION TO STAY</u>**

THIS MATTER comes before the Court on defendants Darryl Millet and Albuquerque Advocates, P.C.'s (collectively "Receiver Defendants") Motion to Stay Proceedings (Doc. 34), which was fully briefed on January 6, 2017. Docs. 39, 40, 41. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and Federal Rule of Civil Procedure 72, the Honorable Martha Vázquez referred the motion to me for determination. Doc. 42. I held a hearing on Receiver Defendants' motion on Monday, May 1, 2017. Doc. 49. Having reviewed the submissions of the parties and the relevant law, and having heard the argument of counsel, I find that the motion is not well taken and recommend that it be DENIED.

This lawsuit arises out of ongoing litigation in the First Judicial District Court of New Mexico. *See Financial Institutions Division v. New Mexico Title Co., et al.*, Case No. D-101-CV-2012-00378, filed February 03, 2012.[1] The plaintiffs in this case are among the named respondents in the state court litigation. The Receiver Defendants currently serve as the court-appointed receiver in that case.

The Receiver Defendants ask the Court to stay this case based on the *Colorado River* abstention doctrine. The *Colorado River* doctrine applies in "situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts." *Colorado River Water Conservation Dist. et al. v. United States*, 424 U.S. 800, 817 (1976). The doctrine allows a court to dismiss or stay a federal action for a pending state court proceeding, based on "considerations of '[w]ise judicial administration, giving regard to [the] conservation of judicial resources and comprehensive disposition of litigation." *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (quoting *Colorado River*, 424 U.S. at 817). Declining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in "exceptional" circumstances." *Colorado River*, 424 U.S. at 818. Therefore, the Court's "task . . . is not to find some substantial reason for the exercise of federal jurisdiction . . .; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado*

---

[1] A court may take judicial notice of its own files and records, as well as facts which are a matter of public record. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). A court may also take judicial notice of other courts' files and records from the Electronic Court Filing ("ECF") system, as facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See Hansen v. Harper Excavating, Inc.,* 641 F.3d 1216, 1219 n.2 (10th Cir.2011) (quoting FED. R. EVID. 201(b)(2)). And a court may take judicial notice of filings in related cases. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp*., 605 F.2d 1169, 1172 (10th Cir. 1979). A court may take judicial notice "on its own" and "at any state of the proceeding." FED. R. EVID. 201(c)(1), (d).

*River* to justify the surrender of jurisdiction." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983).

In order to apply the *Colorado River* doctrine, the Court first must determine whether the state and federal proceedings are parallel. *Fox*, 16 F.3d at 1081. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* If the Court finds that the proceedings are parallel, "it must then determine whether deference to state court proceedings is appropriate under the particular circumstances." *Id*. at 1082.

Here, while the parties are substantially similar, the issues in the state court case and the issues in the federal case are not. From the information available to the Court, the complaint in the state court case alleges a variety of violations of various statutes and the New Mexico Administrative Code Escrow Company Act Regulations. *See Financial Institutions Division v. New Mexico Title Co., et al.*, Case No. D-101-CV-201200378, Verified Petition of Declaratory Judgment and Injunctive Relief, filed 2/10/2012. The complaint in this case alleges a violation of the plaintiffs' civil rights, breach of fiduciary duty, and malpractice. *See* Doc. 1. Thus, although the claims in this case arise out of the same set of operative facts, the issues themselves are quite different. Accordingly, the suits are not parallel.

Therefore, I recommend that the Receiver Defendants' Motion to Stay Proceedings (Doc. 34) be DENIED.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge