IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOBBY L. WILLIS, CARRIE S. WILLIS,
GOLDEN RULE, LLC, WILLIS ASSET
MANAGEMENT, LLC, and the BOBBY L.
WILLIS AND CARRIE S. WILLIS TRUST
DATED JUNE 15, 2005,

       Plaintiffs,

v.                                                          1:16-cv-00813-MV-LF

DARRYL W. MILLET, ALBUQUERQUE
ADVOCATES, P.C., FINANCIAL
INSTITUTIONS DIVISION, NEW MEXICO
OFFICE OF SUPERINTENDENT OF
INSURANCE, NEW MEXICO REGULATION
AND LICENSING DEPARTMENT, CYNTHIA
HALL, JOHN G. FRANCHINI, CYNTHIA
RICHARDS, PHYLLIS H. BOWMAN, MICHAEL
SMITH, GUARDIAN ABSTRACT AND TITLE
COMPANY,

       Defendants.

## ORDER TO STAY

This lawsuit arises out of ongoing litigation in the First Judicial District Court of New Mexico. *See Financial Institutions Division v. New Mexico Title Co., et al.*, Case No. D-101-CV-2012-00378, filed February 03, 2012.[1] The plaintiffs in this case are among the named respondents in the state court litigation. Defendants Darryl Millet and Albuquerque Advocates,

---

[1] A court may take judicial notice of its own files and records, as well as facts which are a matter of public record. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). A court may also take judicial notice of other courts' files and records from the Electronic Court Filing ("ECF") system, as facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See Hansen v. Harper Excavating, Inc.,* 641 F.3d 1216, 1219 n.2 (10th Cir.2011) (quoting FED. R. EVID. 201(b)(2)). And a court may take judicial notice of filings in related cases. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). A court may take judicial notice "on its own" and "at any state of the proceeding." FED. R. EVID. 201(c)(1), (d).

P.C., currently serve as the court-appointed receiver in that case. Although the Court previously denied a stay of this case based on the *Colorado River* doctrine, *see* Doc. 53, the circumstance of this case warrant a stay based on the state court proceedings.

A court has broad discretion to stay proceedings incident to its power to manage its docket, and may also issue a stay pursuant to Federal Rule of Civil Procedure 26(c), which allows the court for good cause to limit discovery to protect a party from "undue burden or expense." *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Having reviewed the record in the state court case, the Court will exercise its discretion and stay this case based on the potential that the state court proceedings may dispose of this case in its entirety.

On May 8, 2017, the state court approved the settlement agreement between the parties in the state case. In its Amended *Nunc Pro Tunc* Final Order Approving Settlement Agreement, the state court specifically ordered that:

> Following deposit of the net proceeds and monies of $304,000 into the court registry of the First Judicial District Court in Santa Fe County, New Mexico, and entry of the Court's Order disbursing from the court registry the $304,000 as provided herein, the parties shall file a stipulated motion and order dismissing all claims in this matter, or that could have been brought in this matter, or that may have been brought in any federal court by any of the parties in this matter, **including the federal lawsuit known as *Carrie Willis et al. v. Darryl W. Millet et al.*, U.S. District Court for the District of New Mexico, 1:16cv0813-MV-LF, with prejudice.**

*See Financial Institutions Division v. New Mexico Title Co., et al.*, Case No. D-101-CV-2012-00378, Amended *Nunc Pro Tunc* Final Order Approving Settlement Agreement, filed 5/8/2017, at 13 (emphasis added). While the state court's ruling would explicitly dismiss this case after disbursing the funds from the court registry, Carrie Willis has appealed the state court's final order to the New Mexico Court of Appeals. *See Financial Institutions Division*, Notice of

Appeal, filed 6/14/2017. [2]  Although the settlement approved by the state court has the potential to dispose of this case in its entirety, the status of the final order—including dismissal of this action—has yet to be determined by the state courts.

Under these circumstances, I find that the burden of proceeding with discovery outweighs any prejudice that a stay of discovery would cause.  I also find that judicial economy warrants a stay as the determination of the state court case could dispose of this case in its entirety.

IT IS THEREFORE ORDERED that this case is stayed until the completion of the proceedings of *Financial Institutions Division v. New Mexico Title Co., et al.*, Case No. D-101-CV-2012-00378, in the New Mexico state courts.  Daryl Millet and Albuquerque Advocates' attorneys will promptly apprise the Court and plaintiffs' counsel of any changes in the status of the state court proceedings that have an effect on these proceedings.

_____
Laura Fashing
United States Magistrate Judge

---

[2] The Notice of Appeal states Ms. Willis is appealing the state court's "May 5, 2017, Amended *Nunc Pro Tunc* Final Order Approving Settlement Agreement."  However, the Amended *Nunc Pro Tunc* Final Order Approving Settlement Agreement is dated May 8, 2017.  The Court presumes that the date in the Notice of Appeal is a typographical error.

3