IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOBBY L. WILLIS, CARRIE S. WILLIS,
GOLDEN RULE, LLC, WILLIS ASSET
MANAGEMENT, LLC, and the BOBBY L.
WILLIS AND CARRIE S. WILLIS TRUST
DATED JUNE 15, 2005,

        Plaintiffs,

v.                                                1:16-cv-00813-MV-LF

DARRYL W. MILLET, ALBUQUERQUE
ADVOCATES, P.C., FINANCIAL
INSTITUTIONS DIVISION, NEW MEXICO
OFFICE OF SUPERINTENDENT OF
INSURANCE, NEW MEXICO REGULATION
AND LICENSING DEPARTMENT, CYNTHIA
HALL, JOHN G. FRANCHINI, CYNTHIA
RICHARDS, PHYLLIS H. BOWMAN, MICHAEL
SMITH, GUARDIAN ABSTRACT AND TITLE
COMPANY,

        Defendants.

**ORDER GRANTING IN PART PAUL GORDON'S
<u>MOTION TO WITHDRAW AS ATTORNEY</u>**

THIS MATTER is before the Court on attorney Paul Gordon's Motion to Withdraw as

Attorney for Bobby L. Willis, Carrie Willis, Cassidy Willis, Golden Rule, LLC, and the Bobby

L. Willis and Carrie S. Willis Trust dated June 15, 2005 (the "Trust"). Doc. 64. On June 26,

2018, the Court ordered Mr. Gordon to properly serve the motion to withdraw. Doc. 65. On

July 17, 2018, Mr. Gordon filed affidavits of service with the Court. Doc. 69. Having reviewed

the motion and the affidavits of service, the Court will grant the motion in part and deny the

motion in part.

Under D.N.M.LR-Civ. 83-8(b), the attorney seeking to withdraw "must file and serve on

all parties, including the client, a motion to withdraw. The attorney must give notice in the

motion that objections must be served and filed within fourteen (14) days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion."

Under D.N.M.LR-Civ. 83-8(c), "[a] motion to withdraw from representation of a corporation, partnership or business entity other than a natural person must include a notice that the corporation, partnership or business entity other than a natural person can appear only with an attorney. Absent entry of appearance by a new attorney, any filings made by the corporation, partnership or business entity other than a natural person may be stricken and default judgment or other sanctions imposed."

Service of a motion to withdraw is governed by Federal Rule of Civil Procedure 5, which allows service by the following means:

> (A) handing it to the person;
> (B) leaving it:
>> (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>> (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
> (C) mailing it to the person's last known address—in which event service is complete upon mailing;
> (D) leaving it with the court clerk if the person has no known address;
> (E) sending it by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
> (F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

FED. R. CIV. P. 5(b)(2).

Mr. Gordon personally served Bobby Willis and Carrie Willis on July 6, 2018 by delivering a copy of the Motion to Withdraw to Carrie Willis at the Willis's home address. *See* Doc. 69 at 4–5. Mr. Willis was present in the home at the time of service. *Id.* at 4. Neither Bobby Willis nor Carrie Willis objected to Mr. Gordon's motion to withdraw, and the time for

them to do so has passed.  Therefore, the Court GRANTS Mr. Gordon's motion with respect to Bobby Willis and Carrie Willis.

Mr. Gordon also asked the Court to allow him to withdraw as counsel for the Bobby L. Willis and Carrie S. Willis Trust Dated June 15, 2015 ("the Trust").  Mr. Gordon served the Trust on July 6, 2018 by delivering a copy of the Motion to Withdraw to Carrie Willis at the Willis's home address.  *See* Doc. 69 at 2.  The Court does not have enough information to determine if the Trust has properly been served, and therefore denies without prejudice Mr. Gordon's motion to withdraw as to the Trust.  Mr. Gordon may file another motion to withdraw as counsel for the Trust.  In this motion, he must list an address and trustee(s) for the Trust, and must show that he has properly served the Trust.

Mr. Gordon also asked the Court to allow him to withdraw as counsel for Golden Rule, LLC.  Doc. 64 at 1.  Mr. Gordon attempted to serve Golden Rule, LLC by personally delivering a copy of the motion to withdraw to Carrie Willis.  Doc. 69 at 1.  According to the New Mexico Secretary of State, this LLC does not have an active registered agent.  The Secretary of State lists a mailing address and principal place of business for Golden Rule, LLC as 110 E. Arrington, Farmington, NM 87401.  Mr. Gordon does not appear to have properly served Golden Rule, LLC with the notice to withdraw.  His motion to withdraw as counsel for Golden Rule, LLC is therefore denied without prejudice.  Mr. Gordon may file another motion to withdraw as counsel for Golden Rule, LLC.  In this motion, he must show that he has properly served Golden Rule, LLC.

Mr. Gordon did not ask to withdraw as counsel for Willis Asset Management, LLC.  *See* Doc. 64.  The Court notes that Mr. Gordon's Entry of Appearance does not include Willis Asset Management, LLC.  Doc. 25.  However, Mr. Gordon has filed several documents in CM/ECF, in

a manner that suggests he was acting as counsel for Willis Asset Management, LLC. *See* docket text (not documents) of Docs. 25 ("Notice of Appearance by Paul Gordon on behalf of All Plaintiffs"), 26, 39, 46, 60, 64.[1] According to the New Mexico Secretary of State, the registered agent for Willis Asset Management, LLC is Bobby Willis, the physical address is 650 W. Main, Bldg. C, Farmington, NM 87401, and the mailing address is 132 N. Wall, Farmington, NM 87401. Mr. Gordon should file a motion to withdraw as counsel for Willis Asset Management, LLC, which shows that he has properly served this LLC.

IT IS THEREFORE ORDERED THAT Paul Gordon's Motion for Leave to Withdraw (Doc. 64) is GRANTED IN PART and DENIED IN PART:

1. Paul Gordon's Motion for Leave to Withdraw (Doc. 64) is GRANTED as to Bobby L. Willis and Carrie Willis.

2. Paul Gordon's Motion for Leave to Withdraw (Doc. 64) is DENIED without prejudice as to the Bobby L. Willis and Carrie S. Willis Trust Dated June 15, 2015, and as to Golden Rule, LLC. Mr. Gordon must file his renewed motion to withdraw no later than August 13, 2018.

3. Mr. Gordon must file a motion to withdraw as counsel for Willis Asset Management, LLC no later than August 13, 2018.

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge

---

[1] The caption on these documents incorrectly lists Cassidy Willis as a party. Mr. Gordon asked to withdraw as counsel for Cassidy Willis, and he served Cassidy Willis with his motion to withdraw. Doc. 64 at 1; Doc. 69 at 3. However, Cassidy Willis is not a party to this lawsuit.